IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CITIZENS INSURANCE COMPANY of AMERICA, a Michigan corporation; and HANOVER INSURANCE COMPANY, a New Hampshire corporation | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Civil Action No.: |
| MIFAB, Inc., a Delaware corporation; and TORRION BROWN, individually and on behalf of all others similarly situated, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiffs Citizens Insurance Company of America ("Citizens") and Hanover Insurance Company ("Hanover"), by and though their counsel of record, and for their Complaint against Defendants MIFAB, Inc. ("MIFAB") and Torrion Brown, individually and on behalf of all others similarly situated ("Brown"), state as follows:

**INTRODUCTION**

1. This is an insurance coverage dispute between Citizens and Hanover, on the one hand, and MIFAB. Citizens issued Commercial Lines Policies to MIFAB that contain a General Liability Coverage Part. Hanover issued Commercial Follow Form Excess and Umbrella Policies to MIFAB. In this action, Citizens and Hanover seek a declaration that they have no duty to defend or indemnify MIFAB under the Policies in connection with the underlying putative class action suit captioned *Brown v. MIFAB, Inc.,* bearing Case No. 21 CH 2442 filed in the Circuit Court of Cook County, Illinois.

**PARTIES, JURISDICTION AND VENUE**

2. Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. §1332(a)(1).

3. Plaintiff, Citizens, is a corporation organized under the laws of the State of Michigan, with its principal place of business in Worcester, Massachusetts.

4. Plaintiff, Hanover, is a corporation organized under the laws of the State of New Hampshire, with its principal place of business in Worcester, Massachusetts.

5. Defendant, MIFAB is a corporation organized under the laws of the State of Delaware, with its principal place of business in Chicago, Illinois.

6. Defendant, Brown, is a citizen of the State of Illinois. Brown is joined in this suit as a nominal party defendant.

7. The Brown Lawsuit for which MIFAB seeks a defense and indemnity is a putative class action. The Citizens Policies have Limits of Liability of $1 million for Personal and Advertising Injury, and $2 million in the General Aggregate. The 2015-2018 Hanover Umbrella Policies have Limits of Liability of $5 million Each Claim Limit and $5 million General Aggregate Limit. The 2019-2021 Hanover Policies have a $6 million Each Claim Limit and $6 million General Aggregate Limit.

8. Diversity jurisdiction exists because: (a) there is complete diversity of citizenship between Plaintiffs Citizens and Hanover, and Defendants MIFAB and Brown, and (b) the amount in controversy, including the potential costs of both defending and indemnifying MIFAB, substantially exceeds $75,000.

9. Venue is appropriate under 28 U.S.C. § 1391 because the making of the insurance contract at issue, which forms the basis of this action occurred in the Northern District of Illinois.

## FACTUAL BACKGROUND

A. **The Policies**

10. Citizens issued the following Commercial Lines Policies to MIFAB:

ZBC A644424 00, effective 6/1/15 to 6/1/16
ZBC A644424 01, effective 6/1/16 to 6/1/17
ZBC A644424 02, effective 6/1/17 to 6/1/18
ZBC A644424 03, effective 6/1/18 to 6/1/19
ZBC A644424 04, effective 6/1/19 to 6/1/20
ZBC A644424 05, effective 6/1/20 to 6/1/21
ZBC A644424 06, effective 6/1/21 to 6/1/22.

(the "Citizens Policies"). A true and correct copy of the Citizens Policies are attached hereto as **Exhibits A-G,** respectively.

11. Hanover issued the following Commercial Follow Form Excess and Umbrella Policies to MIFAB:

UHC A644425 00, effective 6/1/15 to 6/1/16
UHC A644425 01, effective 6/1/16 to 6/1/17
UHC A644425 02, effective 6/1/17 to 6/1/18
UHC A644425 03, effective 6/1/18 to 6/1/19
UHC A644425 04, effective 6/1/19 to 6/1/20
UHC A644425 05, effective 6/1/20 to 6/1/21
UHC A644425 06, effective 6/1/21 to 6/1/22.

(the "Umbrella Policies"). True and correct copies of the Umbrella Policies are attached hereto as **Exhibits H-N**, respectively.

B. **The Brown Lawsuit**

12. On May 19, 2021, Torrion Brown, individually and on behalf of all others similarly situated, filed a civil action against MIFAB in the Circuit Court of Cook County, Illinois, bearing Case No. 21 CH 2442 (the "Brown Lawsuit"). A true and correct copy of the Complaint filed in the Brown Lawsuit is attached hereto as **Exhibit O.**

13. The Brown Complaint alleges that as an employee/worker of MIFAB, Brown and the proposed class were required to clock in and out of work shifts by having their fingerprints scanned by a biometric timeclock which identified each employee.

14. According to the Complaint, notwithstanding the clear and unequivocal requirements of the law, MIFAB disregards employees' statutorily protected privacy rights and unlawfully collects, stores, and uses employees' biometric data in violation of the Illinois Biometric Information Privacy Act ("BIPA").

15. Specifically, MIFAB has allegedly violated and continues to violate BIPA because it did not and, upon information and belief, continues not to: a. Properly inform Plaintiff and others similarly situated in writing of the specific purpose and length of time for which their fingerprint(s) were being collected, stored, disseminated and used, as required by BIPA; b. Provide a publicly available retention schedule and guidelines for permanently destroying Plaintiffs and other similarly-situated individuals' fingerprint(s), as required by BIPA; c. Receive a written release from Plaintiff and others similarly situated to collect, store, disseminate or otherwise use their fingerprint(s), as required by BIPA; and d. Obtain consent from Plaintiff and others similarly situated to disclose, redisclose, or otherwise disseminate their biometric identifiers and/or biometric information to a third party as required by BIPA; d. The State of Illinois takes the privacy of biometric data seriously.

16. All three counts in the Brown Complaint allege violations of BIPA.

17. MIFAB has requested coverage from Citizens and Hanover for the Brown Lawsuit. Citizens and Hanover contend that they have no obligation to defend or indemnify MIFAB against the Brown Lawsuit. Accordingly, an actual controversy exists between Citizens and Hanover, on the one hand, and MIFAB, on the other hand, and by the terms and provisions of Rule 57 of the

Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is invested with the power to declare the rights and liabilities of the parties hereto and to grant such relief as it deems necessary and proper.

## COUNT I – DECLARATORY JUDGMENT

**(General Liability Coverage Employment Practices Liability Exclusion in Citizens Policies)**

18. Plaintiffs adopt and repeat the allegations of Paragraph 1 through 17 as and for Paragraph 18, as though the same were fully set forth herein.

19. The Citizens Policies contain an Employment Practices Liability Exclusion Endorsement, which states:

> **B.** The following exclusion is added to Paragraph **2., Exclusions** of Section **I – Coverage B – Personal And Advertising Injury Liability:**
>
> This insurance does not apply to:
>
> "Personal and advertising injury" to:
>
> > **(1)** A person arising out of any:
> > **(a)** Refusal to employ that person;
> > **(b)** Termination of that person's employment; or
> > **(c)** Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person; or
>
> \*\*\*
>
> This exclusion applies:
> > **(1)** Whether the injury-causing event described in Paragraphs **(a), (b)** or **(c)** above occurs before employment, during employment or after employment of that person;
>
> > **(2)** Whether the insured may be liable as an employer or in any other capacity; and
>
> > **(3)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

5

20. The Brown Complaint is brought by workers or employees of MIFAB and alleges that MIFAB violated its workers' privacy by requiring them to provide their biometric information for timekeeping purposes in violation of BIPA.

21. As a result, any alleged "personal and advertising injury", such injury arises out of any employment-related practices, policies, acts or omissions such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution, and coverage is precluded under the Citizens Policies by reason of the Employment Practices Liability Exclusion.

22. The Citizens Policies do not actually or potentially provide coverage for the Brown Lawsuit.

23. Accordingly, Citizens has no duty to defend and indemnify MIFAB for the Brown Lawsuit.

WHEREFORE, Citizens and Hanover respectfully requests that this Honorable Court declare as follows:

A. That Citizens has no duty to defend or indemnify MIFAB in connection with the Brown Lawsuit;

B. That Hanover has no duty to defend or indemnify MIFAB in connection with the Brown Lawsuit;

C. Grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT II– DECLARATORY JUDGMENT

### (Recording and Distribution Exclusion in Citizens Policies)

24. Plaintiffs adopt and repeat the allegations of Paragraph 1 through 17 as and for Paragraph 24, as though the same were fully set forth herein.

25. The Citizens Policies contain a the following Exclusion:

This insurance does not apply to:

**p. Recording And Distribution Of Material Or Information In Violation Of Law**

"Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

**(1)** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

**(2)** The CAN-SPAM Act of 2003, including any amendment of or addition to such law;

**(3)** The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transactions Act (FACTA); or

**(4)** Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

26. The Brown Complaint alleges that MIFAB violated BIPA, a state statute, that addresses the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

27. Thus, any "personal and advertising injury" arises directly or indirectly out of any action or omission that violates or is alleged to violate any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

7

28. Therefore, the Recording And Distribution Of Material Or Information In Violation Of Law Exclusion precludes coverage for the Brown Lawsuit under the Citizens Policies.

29. The Citizens Policies do not actually or potentially provide coverage for the Brown Lawsuit.

30. As a result, Citizens has no duty to defend or indemnify MIFAB against the Brown Lawsuit.

WHEREFORE, Citizens and Hanover respectfully requests that this Honorable Court declare as follows:

A. That Citizens has no duty to defend or indemnify MIFAB in connection with the Brown Lawsuit;

B. That Hanover has no duty to defend or indemnify MIFAB in connection with the Brown Lawsuit;

C. Grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT III – DECLARATORY JUDGMENT

**(General Liability Coverage – Access or Disclosure Exclusion in Citizens Policies)**

31. Plaintiffs adopt and repeat the allegations of Paragraph 1 through 17 as and for Paragraph 31, as though the same were fully set forth herein.

32. The 2016-2021 Citizens Policies contain an Endorsement titled, "Exclusion – Access or Disclosure of Confidential or Personal Information and Data-Related Liability – With Limited Bodily Injury Exception, which provides, in relevant part:

> **B.** The following is added to Paragraph **2.**
> **Exclusions** of **Section I – Coverage B –**
> **Personal And Advertising Injury Liability:**

8

**2. Exclusions**

This insurance does not apply to:

**Access Or Disclosure Of Confidential Or Personal Information**

"Personal and advertising injury" arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.

This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of any access to or disclosure of any person's or organization's confidential or personal information.

33. The Brown Complaint alleges MIFAB collected its workers' biometric information, *i.e.,* fingerprints/handprints in violation of BIPA.

34. Therefore, any "personal and advertising injury" arises out of access to or disclosure of any person's confidential or personal, non-public information and coverage for the Brown Lawsuit is precluded under the 2016-2021 Policies pursuant to the Access or Disclosure of Confidential or Personal Information Exclusion.

35. The 2016-2021 Citizens Policies do not actually or potentially provide coverage for the Brown Lawsuit.

36. Accordingly, Citizens has no duty to defend or indemnify MIFAB for the Brown Lawsuit under the 2016-2021 Citizens Policy.

WHEREFORE, Citizens and Hanover respectfully requests that this Honorable Court declare as follows:

A. That Citizens has no duty to defend or indemnify MIFAB in connection with the Brown Lawsuit;

B. That Hanover has no duty to defend or indemnify MIFAB in connection with the Brown Lawsuit;

C. Grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT IV – DECLARATORY JUDGMENT

### (Umbrella Policies – Excess Coverage)

37. Plaintiffs adopt and repeat the allegations of Paragraph 1 through 17 as and for Paragraph 37, as though the same were fully set forth herein.

38. The Excess Insuring Agreement in the Umbrella Policies provides, in pertinent part:

> **I. INSURING AGREEMENTS**
> **1. Coverage A – Follow Form Excess Liability Insuring Agreement**
> **a.** We will pay on behalf of the insured those sums in excess of the "underlying insurance" which the insured becomes legally obligated to pay as damages, provided:
> > **(1)** Such damages are covered by "underlying insurance";
> > ***

39. "Underlying insurance" is defined in the Umbrella Policies as "the liability insurance coverage provided under policies shown in the Schedule of Underlying Insurance for the limits and policy periods indicated."

40. The General Liability Coverage Part of the Citizens Policies is "Underlying Insurance". The Excess Coverage Part of the Umbrella Policies follow form to the Citizens Policies.

10

41. Because the General Liability Coverage Part in the Citizens Policy does not provide coverage for the Brown Lawsuit for the reasons set forth herein in Counts I – III, the Excess Coverage Part of the Umbrella Policies does not provide coverage for the Brown Lawsuit.

42. The Excess Coverage Part of the Umbrella Policies do not actually or potentially provide coverage for the Brown Lawsuit.

43. Hanover, therefore, has no duty to defend or indemnify MIFAB for the Brown Lawsuit under the Excess Coverage Part of the Umbrella Policies.

WHEREFORE, Citizens and Hanover respectfully requests that this Honorable Court declare as follows:

A. That Citizens has no duty to defend or indemnify MIFAB in connection with the Brown Lawsuit;

B. That Hanover has no duty to defend or indemnify MIFAB in connection with the Brown Lawsuit;

C. Grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT V – DECLARATORY JUDGMENT
### (Umbrella Policies –Access or Disclosure Exclusion)

44. Plaintiffs adopt and repeat the allegations of Paragraph 1 through 17 as and for Paragraph 44, as though the same were fully set forth herein.

45. The Umbrella Policies contain the following Exclusion:

This insurance does not apply to:

**a. Access Or Disclosure Of Confidential Or Personal Information And Data-Related Liability**
Any liability or expense arising out of:
**(1)** Any access to or disclosure of any

11

> person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information; or
>
> \*\*\*

46. The Brown Complaint alleges MIFAB collected its workers' biometric information, *i.e.*, fingerprints/handprints, in violation of BIPA.

47. Therefore, even assuming it alleges "personal and advertising injury", such injury arises out of access to or disclosure of any person's confidential or personal information and coverage for the Brown Lawsuit is precluded under the Umbrella Coverage Part of the Umbrella Policies pursuant to the Access or Disclosure of Confidential or Personal Information Exclusion.

48. The Umbrella Liability Coverage Part of the Umbrella Policies does not actually or potentially provide coverage for the Brown Lawsuit.

49. Accordingly, Hanover has no duty to defend or indemnify MIFAB for the Brown Lawsuit under the Umbrella Liability Coverage Part of the Umbrella Policies.

WHEREFORE, Citizens and Hanover respectfully requests that this Honorable Court declare as follows:

A. That Citizens has no duty to defend or indemnify MIFAB in connection with the Brown Lawsuit;

B. That Hanover has no duty to defend or indemnify MIFAB in connection with the Brown Lawsuit;

C. Grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT VI – DECLARATORY JUDGMENT

**(Umbrella Policies – Employment Related Practices Exclusion)**

50. Plaintiffs adopt and repeat the allegations of Paragraph 1 through 17 as and for Paragraph 50, as though the same were fully set forth herein.

51. The Umbrella Policies contain the following Exclusion:

> **d. Employment Related Practices**
> Any claim by or on behalf of:
> **(1)** A person arising out of any:
>   **(a)** Refusal to employ that person;
>   **(b)** Termination of that person's employment; or
>   **(c)** Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person; or
> \*\*\*

52. The Brown Complaint is brought by employees or workers of MIFAB and alleges that MIFAB violated its workers' privacy by requiring them to provide their biometric information for timekeeping purposes in violation of BIPA.

53. As a result, the Brown Lawsuit is a claim by or on behalf of any person arising out of any employment-related practices, policies, acts or omissions and coverage is precluded under Umbrella Liability Coverage Part of the Umbrella Policies by reason of the Employment Practices Liability Exclusion.

54. The Umbrella Liability Coverage Part of the Umbrella Policies do not actually or potentially provide coverage for the Brown Lawsuit.

55. Accordingly, Hanover has no duty to defend and indemnify MIFAB for the Brown Lawsuit under the Umbrella Liability Coverage Part of the Umbrella Policies.

WHEREFORE, Citizens and Hanover respectfully requests that this Honorable Court declare as follows:

A. That Citizens has no duty to defend or indemnify MIFAB in connection with the Brown Lawsuit;

B. That Hanover has no duty to defend or indemnify MIFAB in connection with the Brown Lawsuit;

C. Grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT VII – DECLARATORY JUDGMENT

### (Umbrella Policies– Recording and Distribution Exclusion)

56. Plaintiffs adopt and repeat the allegations of Paragraph 1 through 17 as and for Paragraph 56, as though the same were fully set forth herein.

57. The Umbrella Policies contain the following exclusion:

This insurance does not apply to:

**h. Recording and Distribution of Material in Violation of Law**
Any liability or expense arising out of any action or omission that violates or is alleged to violate:

> **(1)** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law; or
> **(2)** The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or
> **(3)** The Fair Credit Reporting Act (FCRA) and any amendment of or addition to such law, including the Fair and Accurate Credit Transaction Act (FACTA); or
> **(4)** Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating

14

> or distribution of material or information.

58. The Brown Complaint alleges that MIFAB violated BIPA, a state statute that addresses the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

59. Thus, any liability arises out of any action or omission that violates or is alleged to violate any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

60. Therefore, the Recording And Distribution Of Material Or Information In Violation Of Law Exclusion precludes coverage for the Brown Lawsuit under the Umbrella Liability Coverage Part of the Umbrella Policies.

61. The Umbrella Liability Coverage Part of the Umbrella Policies does not actually or potentially provide coverage for the Brown Lawsuit.

62. As a result, Hanover has no duty to defend or indemnify MIFAB against the Brown Lawsuit.

WHEREFORE, Citizens and Hanover respectfully requests that this Honorable Court declare as follows:

A. That Citizens has no duty to defend or indemnify MIFAB in connection with the Brown Lawsuit;

B. That Hanover has no duty to defend or indemnify MIFAB in connection with the Brown Lawsuit;

    C. Grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

> Respectfully submitted,
>
> Citizens Insurance Company of America and Hanover Insurance Company
>
> By: /s/ Kelly M. Ognibene
>     One of its Attorneys

Jeffrey A. Goldwater, Esq. (ARDC #6189014)
Kelly Ognibene, Esq. (ARDC #6297327)
Lewis Brisbois Bisgaard & Smith, LLP
550 West Adams Street, Suite 300
Chicago, Illinois 60661
312-345-1718
Jeffrey.Goldwater@lewisbrisbois.com
Kelly.Ognibene@lewisbrisbois.com